The Frick Company v. Robert Stephens, Zera Stephens, and M. E. Stephens.

No. 206.

1. Pleading and Practice — *Replevin — Counter-claim for Damages.* In a replevin action involving the right of possession of a traction-engine and other chattels, as between the mortgagee, the plaintiff, and the mortgagors, the defendants, it was error to admit as a defense to the action evidence in support of a counter-claim for damages resulting from failure of the mortgagee to deliver the engine at the time agreed upon, where it appeared that the mortgage and the notes secured thereby were given by the defendants after the delivery of the engine for which the same were executed, without protest or objection on account of the delay in its delivery.

2. —————— *Verdict of Jury on Counter-claim — Remitittur as to Possession.* Where in such case the verdict of the jury, in addition to a finding in favor of the defendants as to right of possession of the mortgaged property, allowed to them damages as a set-off equal in amount to that of plaintiff's debt which was secured by the mortgage, and where the court, at the request of the defendants, set aside the part of the verdict which found in their favor as to the right of possession, *held,* that judgment in favor of the plaintiff for the possession of the property and for costs should have been rendered.

Error from Rush district court; J. E. Andrews, judge. Opinion filed May 19, 1898. Reversed.

*S. I. Hale,* for plaintiff in error.

No brief for defendants in error.

The opinion of the court was delivered by

Milton, J. : In this action the Frick Company obtained possession, under a writ of replevin against the defendants in error, of one traction-engine and ten head of horses which had been mortgaged by the defendants to the plaintiff to secure the payment of notes aggregating $1065, upon which $825 remained due at the commencement of this suit.

The defendants answered, admitting the execution of the notes and chattel mortgage and denying the other allegations of the petition. The answer also averred partial failure of consideration for the notes, and attempted to set up a counter-claim for damages resulting from failure of the plaintiff to furnish the traction-engine at the date specified in the contract of sale. The plaintiff's demurrer to this answer was overruled, as was also its objection to the introduction of testimony under it. Practically all of the testimony in the case related to the counter-claim set up in the answer. The jury returned the following verdict :

"We do upon our oaths find for the defendants, and that they have sustained damages and are entitled to a counter-claim or set-off in the sum of $947.85, as against the notes and mortgage sued on. They are entitled to the possession of the property in question."

The jury specially found that the defendants were satisfied with the engine at the time they gave the notes and mortgage for it, which they did without making any claim for damages because it had not arrived in time. After reciting that the plaintiff's motion for a new trial was overruled, the journal entry contained the following statement :

"The defendants thereupon filed in open court a paper remitting all that part of the verdict as to the ownership of the property mentioned and referred to in said verdict, which was by the court allowed. The plaintiff thereupon asked the court to render judgment in favor of plaintiff and against defendants for costs in the action, which the court refused to do ; to which ruling of the court plaintiff duly excepted and still excepts. The court thereupon found that the defendants were entitled to a set-off against the notes and mortgage sued upon in the said cause in the sum of $947.85. It is therefore considered, ordered and adjudged by the court that the defendants are entitled

to an offset against the notes and mortgage sued upon in this case in the sum of $947.85, and for the costs herein, taxed at —— dollars.

It was clearly improper to admit testimony in support of the alleged counter-claim as a defense in the action. The jury found that the defendants received the engine, and thereafter executed and delivered the notes and chattel mortgage, without protest on account of delay in its delivery. Under such circumstances the verdict for damages was clearly unwarranted, even if the counter-claim be regarded as allowable in this action. It is not necessary to determine whether or not the counter-claim could properly be set up and tried as an issue in this case. While there is a very elaborate discussion of the question as to the admissibility of a counter-claim in a replevin action in the case of *Deford v. Hutchison*, 45 Kan. 318, we find that the decision therein was put upon a basis too narrow to sustain the counter-claim in the present action.

When the defendants, after the verdict, made a written relinquishment of their claim to the right of possession and to the ownership of the replevined property, the only judgment which could properly have been rendered was one in favor of the plaintiff for the possession of the property and for costs. The judgment will be reversed, and the cause remanded with instructions to the trial court to enter such judgment.